FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   SEP 30 2015   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
EDWARD MACKENZIE,

                Petitioner,

-against-

MICHAEL CAPRA,

                Respondent.
-------------------------------------------------------X

**ORDER**
14-CV-5553 (SJF)

FEUERSTEIN, J.

On September 11, 2014, Petitioner Edward MacKenzie ("Petitioner" or "MacKenzie") filed a petition seeking a writ of habeas corpus in this Court challenging the second of three convictions. This Court must address two (2) threshold issues before it may reach the merits, if any, of Petitioner's habeas petition: (1) whether Petitioner is "in custody" under the federal habeas statute, 28 U.S.C. § 2254, even though he has completed the sentence imposed for his second conviction but remains incarcerated on the consecutive sentence for his third conviction; and (2) if so, whether Petitioner has timely filed his habeas petition. This Court holds that Petitioner is "in custody" for purposes of 28 U.S.C. § 2254, but that his petition is untimely. Accordingly, this Court grants Respondent Michael Capra's ("Respondent") motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Petitioner's habeas petition is dismissed.

I. **BACKGROUND**

In his habeas application, MacKenzie challenges only the second of his three (3) relevant convictions. Because all of those convictions pertain to the legal issue of whether he is "in custody" under the federal habeas statute, however, I discuss all three (3) convictions below.

## A. *The First Conviction and Sentence*

On March 4, 1983, Petitioner was convicted in the County Court of Nassau County, New York, of criminal charges and sentenced to an indeterminate prison term of five (5) to fifteen (15) years (the "First Sentence"). The Appellate Division affirmed on April 24, 1984. *People v. MacKenzie*, 100 A.D.2d 944 (2d Dept. 1984). After serving the minimum sentence, Petitioner was released on parole on August 11, 1988. [Dkt. Entry ("DE") 6, Resp't's Ex. 6, Sent'g Tr., at 50].

## B. *The Second Conviction and Sentence*

On October 16, 1989, while on parole from his First Conviction, Petitioner was arrested and entered a plea of guilty to one (1) count of Criminal Possession of a Controlled Substance in the Fifth Degree. [DE 1, Pet'r's Ex. A(B), Waiver of Indictment (Oct. 16, 1989)]. On November 27, 1989, Petitioner was sentenced as a prior felony offender in Nassau County court to an indeterminate prison term of twenty (20) to forty (40) months (the "Second Sentence"). [DE 1, Pet'r's Ex. A(C), Sent'g Tr., at 2, 4]. Petitioner did not appeal from that judgment. After serving thirty-two (32) months of his sentence, Petitioner was released on parole on February 5, 1992. *See* Resp't's Ex. 6, Sent'g Tr., at 18, 50.

## C. *The Third Conviction and Sentence*

On August 5, 1992, while on parole from his Second Conviction, Petitioner forced his way into a car in Nassau County, held the driver of the car hostage, and drove the car into Manhattan to purchase drugs. *See id.* at 28-29. Following a jury trial, Petitioner was found

guilty of Kidnapping in the Second Degree, Robbery in the Third Degree, and Unauthorized Use of a Vehicle in the First Degree (the "Third Sentence").[1]

On March 16, 1994, Petitioner was sentenced in Nassau County court as a persistent felony offender to an indeterminate prison term of twenty-five (25) years to life on each of the three (3) convictions to be served concurrently with each other but consecutively with the Second Sentence (the "Third Sentence").[2] Resp't's Ex. 6, Sent'g Tr., at 22, 49-53. The Appellate Division later affirmed the trial court judgment. *People v. MacKenzie*, 242 A.D.2d 739, 739 (2d Dept. 1997).

## II. DISCUSSION

A petitioner in custody pursuant to a state court judgment may apply to a district court for a writ of habeas corpus on the ground that he is in custody in violation of federal law. 28 U.S.C. § 2254. The district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

---

[1] Petitioner also separately pled guilty in Queens County court to Criminal Possession of a Controlled Substance in the Fourth Degree for possessing narcotics after he drove the car into Manhattan. *See* Resp't's Ex. 6, Sent'g Tr., at 29, 50. On May 18, 1993, the Queens County court sentenced him to three (3) to six (6) years of imprisonment for that narcotics possession. *See id.* at 53.

[2] During Petitioner's sentencing, the Nassau County court counted Petitioner's conviction in the Queens County court as a separate conviction. *See id.* As a result, the Nassau County court deemed Petitioner to have had a total of four (4) convictions, instead of three (3). *Id.* The Nassau County court then sentenced Petitioner to "an indeterminate sentence of imprisonment on each of the four [4] convictions for a minimum term of twenty-five [25] years and a maximum term of life. They are all to be served concurrent with each other but consecutive to the" sentence for Criminal Possession of a Controlled Substance in the Fourth Degree that had already been imposed by the Queens County court. *Id.* As discussed above, however, Petitioner committed that crime (Criminal Possession of a Controlled Substance in the Fourth Degree) while he was still on parole from his Second Sentence.

Thus, the Nassau County court effectively sentenced Petitioner to twenty-five (25) years to life to run consecutively with his Second Sentence. This fact—that Petitioner's Third Sentence runs consecutively with his Second Sentence—is significant to the legal issue of whether Petitioner is "in custody" under 28 U.S.C. § 2254, as discussed further below.

§ 2254(a) (emphasis added). That application must be timely filed in the district court. *See* 28 U.S.C. § 2244(d).

In 1968, the United States Supreme Court ("Supreme Court") held that the point in time at which to consider whether a prisoner is "in custody" under the conviction or sentence he is seeking to attack in his habeas petition is the date on which his petition is filed. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). On that same day in 1968, the Supreme Court also held that a petitioner serving consecutive state sentences may seek habeas relief on sentences that he has not yet begun to serve, because the petitioner is "'in custody' under the aggregate of the consecutive sentences imposed on [him]." *Peyton v. Rowe*, 391 U.S. 54, 64 (1968). The Supreme Court explained that the petitioner is deemed to be "'in custody in violation of the Constitution' if any consecutive sentence [he is] scheduled to serve was imposed as the result of a deprivation of constitutional rights." *Id.* at 64-65.

In this case, Petitioner began serving his First Sentence on March 4, 1983 and was paroled on August 11, 1988. Resp't's Ex. 6, Sent'g Tr., at 50. On September 1, 1989, while on parole from his First Sentence, Petitioner committed the crime that led to his Second Sentence. On November 27, 1989, the Nassau County court sentenced Petitioner to twenty (20) to forty (40) months of imprisonment on his Second Sentence. Pet'r's Ex. A(C), Sent'g Tr., at 2, 4. After serving part of that Sentence, Petitioner was paroled on February 5, 1992. *See* Resp't's Ex. 6, Sent'g Tr., at 50. While on parole, Petitioner committed the crimes that led to his narcotics conviction in Queens County court and his Third Sentence in Nassau County court. *See id.* at 28-29, 50. On May 18, 1993, the Queens County court sentenced Petitioner to three (3) to six (6) years of imprisonment. *See id.* at 53. On May 16, 1994, the Nassau County court pronounced Petitioner a persistent felony offender and sentenced him to twenty-five (25) years to life on each

of his prior convictions to be served consecutively with his Queens County sentence. *See id.* at 22, 49-53. More than two (2) decades later, on September 11, 2014, Petitioner applied for a writ of habeas corpus attacking his expired Second Sentence while serving his Third Sentence in New York state prison.

Petitioner has thus been either imprisoned or on parole continuously since March 4, 1983, and he has been "in custody" on his consecutive state sentences. *See Garlotte v. Fordice*, 515 U.S. 39, 41 (1995) (holding prisoner "in custody" on consecutive sentences because those sentences are treated as one "continuous stream" of sentences). Specifically, Petitioner was "in custody" while he was on parole during his First and Second Sentences. *See Jones v. Cunningham*, 371 U.S. 236 (1963) (holding prisoner on parole remained "in custody"). He then committed the crimes resulting in his Second and Third Sentences while still paroled on his First and Second Sentences, respectively, and accordingly received consecutive sentences. *Cf. Maleng v. Cook*, 490 U.S. 488, 492 (1989) (holding prisoner was *not* "in custody" because he was *not* serving consecutive state sentences). He subsequently filed his habeas petition attacking the Second Sentence while he was incarcerated on the Third Sentence. *See Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) (declaring point in time at which to determine whether prisoner is "in custody" is at time of filing of habeas petition). Petitioner is therefore "in custody" under his Second Sentence despite the fact that the Second Sentence has already expired. *See Garlotte*, 515 U.S. at 41. Accordingly, this Court holds that Petitioner is "in custody" under the Second Sentence for purposes of federal habeas relief pursuant to Section 2254.

In 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or the "Act") introduced for the first time a statute of limitations for filing habeas petitions. AEDPA, Pub.L. No. 104-132, 110 Stat. 1214 (effective Apr. 24, 1996). With certain qualifications, that

limitations period is one (1) year from the date on which the petitioner's conviction becomes final. *Id.* at § 101, Pub.L. No. 104-132, § 101, 110 Stat. 1214, 1217 (codified at 28 U.S.C. § 2244(d)); *see* 28 U.S.C. § 2244(d)(1)(A).

The AEDPA, however, is silent regarding the length of time that should be permitted for filing a habeas petition challenging a conviction that became final *before* the effective date of the Act. *See Ross v. Artuz*, 150 F.3d 97, 100 (2d Cir. 1998). This circuit, along with other circuits, has held that where a petitioner's conviction became final prior to the AEDPA's effective date, the petitioner is allowed a one (1) year "grace period" from the Act's effective date to file a timely habeas petition challenging that conviction or sentence under Section 2254. *Id.* at 103 (calculating that "the last day for instituting the action is the anniversary date of the start of the limitations period, or April 24, 1997"). Thus, the deadline for filing a habeas petition attacking a pre-April 24, 1996 conviction is April 24, 1997.

In this case, Petitioner was sentenced on November 27, 1989. Pet'r's Ex. A(C), Sent'g Tr., at 2, 4. Because he did not appeal from that judgment of conviction, the conviction became final thirty (30) days later on December 27, 1989. Petitioner did not file his application for a writ of habeas corpus until September 11, 2014—more than twenty-four (24) years after his conviction became final, and long after the one (1) year "grace period" for pre-AEDPA convictions expired on April 24, 1997.[3] Petitioner's habeas petition is thus untimely and

---

[3] Petitioner filed several state law collateral motions beginning in 2006. [DE 1, Pet'r's Pet. for Writ of Habeas Corpus ("Pet'r's Br."), at 4-5]. Those post-conviction motions, however, were all filed after the one (1) year "grace period" had expired on April 24, 1997. The post-conviction motions therefore do not statutorily toll the limitations period for filing Petitioner's habeas application. *See Sorce v. Artuz*, 73 F. Supp. 2d 292, 297 (E.D.N.Y. 1999) ("Because this [state post-conviction] filing did not take place until after the running of the one [1] year AEDPA statute . . . , it is of no consequence to the timeliness issue."); 28 U.S.C. § 2244(d)(2) (providing for statutory tolling under limited circumstances). The deadline for Petitioner's habeas petition thus remains April 24, 1997.

procedurally barred.[4]

Petitioner argues, however, that his habeas petition is timely under 28 U.S.C. § 2244(d)(1)(D) ("Subsection D"). That statutory provision mandates that, under certain circumstances, the one (1) year limitations period for *post-AEDPA* convictions may be extended to run from the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Petitioner seeks to apply Subsection D to his *pre-AEDPA* Second Sentence to render his habeas petition timely.

This circuit has never held that Subsection D, enacted under the AEDPA, may not apply to habeas petitions challenging *pre-AEDPA* convictions. Indeed, as discussed above, the Second Circuit has held that the one (1) year limitations period of a related subsection, 28 U.S.C. § 2244(d)(1)(A), that applies strictly to only post-AEDPA convictions, must also be effectively applied to pre-AEDPA convictions. *See Ross v. Artuz*, 150 F.3d 97, 100-01 (2d Cir. 1998); *see also Rodriguez v. Artuz*, 990 F. Supp. 275, 277 (S.D.N.Y. 1998) (Sotomayor, J.) (reasoning that a prisoner with a pre-AEDPA conviction cannot be placed "in a *better* position" than a prisoner with a post-AEDPA conviction) (emphasis in original). The Second Circuit has also expressly held that the statutory tolling provision in 28 U.S.C. § 2244(d)(2), applicable on its face to only post-AEDPA convictions, must be extended to pre-AEDPA convictions as well. *See Bennett v.*

---

[4] Even if Petitioner's habeas petition is somehow deemed timely under *Ross*'s interpretation of the AEDPA for pre-AEDPA convictions, the petition may still be dismissed as being unduly delayed under Rule 9(a) of the Rules Governing Section 2254 Cases in the United States District Court ("Habeas Rule 9(a)"). *See Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir. 1998) ("We note that nothing in this opinion retreats from our observation in [*Peterson v. Demskie*, 107 F.3d 92 (2d Cir. 1997) (*modified on other grounds by Ross*, 150 F.3d 97 (2d Cir. 1998))] that the fact that a petition is not time-barred by AEDPA does not, in appropriate factual circumstances, preclude a dismissal of the petition as unduly delayed pursuant to Habeas Rule 9(a).").

In this case, Petitioner's conviction became final on December 27, 1989, and the one (1) year "grace period" expired on April 24, 1997. Petitioned filed his habeas petition in this Court only much later on September 11, 2014. Because I conclude that Petitioner's application is untimely, I do not express any opinion on whether the application would also have been dismissed as being unduly delayed under Habeas Rule 9(a).

*Artuz*, 199 F.3d 116, 119 (2d Cir. 1999), *aff'd*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000) (affirming the order that Section 2244(d)(2) also apply to the one (1) year "grace period" for pre-AEDPA convictions). That line of reasoning suggests that where circumstances may render petitions attacking post-AEDPA convictions timely under Subsection D, those same circumstances must similarly trigger the application of Subsection D to petitions attacking pre-AEDPA convictions and render those latter petitions timely as well.

Petitioner argues that although no notice of appeal was filed from his Second Sentence, he instructed his attorney to file an appeal on Petitioner's behalf. Pet'r's Br. at ¶¶ 6, 7, 9. After Petitioner was imprisoned on the Second Sentence, he "went to the law library and inquired as to how long it usually takes for an appeal and was informed that it could take 2-3 years." *Id.* at ¶ 14. The Second Sentence was for one-and-two-third (1⅔) years to three-and-one-third (3⅓) years. Pet'r's Ex. A(C), Sent'g Tr., at 2, 4. Petitioner claims that when he "never heard anything on his appeal by the time he was released from serving his sentence . . . he naturally assumed that his appeal had been denied." Pet'r's Br. at ¶ 15. He claims that he learned that no notice of appeal had been filed on October 10, 2013, when "one of the law library clerks pointed out to him that there was no indication from the record that his attorney ever filed a notice of appeal." Pet'r's Ex. A, Aff., at ¶ 9. Petitioner, who is incarcerated, then mailed his habeas petition challenging the Second Sentence on September 9, 2014. Pet'r's Br. at 14. In his habeas petition, he asks this Court to "grant the following relief: That this Writ of Habeas Corpus be granted unless the lower court reinstates Petitioner's right to appeal within thirty [30] days." *Id.*[5]

Petitioner has failed to show that he could not have discovered that no appeal was filed from his Second Sentence anytime between April 24, 1997 (the deadline of the one (1) year

---

[5] This Court offers no opinion on the merits of Petitioner's habeas claim.

"grace period" for petitions challenging pre-AEDPA convictions) and October 10, 2013 (the date when he allegedly learned that no appeal had ever been filed). "The status of an appeal is a matter of public record about which inquiry can be made." *Rodney v. Breslin*, No. 07-CV-4519, 2008 WL 2331455, at *3 (E.D.N.Y. June 3, 2008). A "duly diligent person in [the] petitioner's circumstances would have inquired and discovered that no appeal had been filed, well before the [one (1) year] grace period ended." *Id.*; *see Morton v. Ercole*, No. 08-CV-252, 2010 WL 890036, at *3 (S.D.N.Y. Mar. 10, 2010) (holding that easy access to law library and public docket information rendered seven (7) year delay in investigating status of appeal objectively unreasonable). Therefore, Petitioner cannot avail himself of the provisions of 28 U.S.C. § 2244(d)(1)(D), and his habeas petition was due by April 24, 1997.[6] Accordingly, his application for a writ of habeas corpus is untimely and procedurally barred.

## III. CONCLUSION

For the reasons stated above, Respondent's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted, and Petitioner's application for a writ of habeas corpus is dismissed.

**SO ORDERED.**

s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated: September 30, 2015
Central Islip, New York

---

[6] Although Petitioner has not raised the principle of equitable tolling before this Court, he is nevertheless not entitled to the protections of that principle. Equitable tolling requires a demonstration of "rare and exceptional circumstances" to toll the statute of limitations period. *See Hernandez v. New York*, No. 99-CV-8657, 2003 WL 22127079, at *3 (S.D.N.Y. Sept. 15, 2003) (quoting *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001)). A petitioner desiring application of the equitable tolling principle must show that "extraordinary circumstances" prevented him from filing his petition within the one (1) year limitations period, and that he acted with "reasonable diligence" during the period that he seeks to toll. *Id.* Here, Petitioner has not demonstrated *any* diligence to discover the status of his presumed appeal from his Second Sentence at any time between November 27, 1989 and April 24, 1997. The equitable tolling doctrine thus does not apply to toll the limitations period for filing Petitioner's habeas petition.

9